## John Mausley, Defendant in Error, v. John E. McMullen, Plaintiff in Error.

## Gen. No. 16,382.

Verdicts—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

Error to Municipal Court of Chicago; the Hon. Harry Olson, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 30, 1912.

Novak & Pollack, for plaintiff in error.

Wm. A. Jennings, for defendant in error.

Mr. Presiding Justice Baume delivered the opinion of the court.

Defendant in error recovered a verdict and judgment against plaintiff in error for $375 as damages for an alleged assault. The only ground urged for reversal of the judgment is that the verdict is against the manifest weight of the evidence upon the issue whether or not plaintiff in error assaulted and struck defendant in error.

Defendant in error testified, in substance, that while waiting for a street car at the corner of 18th and Halsted streets, between 10 and 12 o'clock on the night of September 14, 1909, he went into the saloon of plaintiff in error for the purpose of getting a drink; that he ordered a glass of beer and gave the bartender a two dollar bill and received the change; that while he was putting the change in his pocket plaintiff in error said to defendant in error, "You look like a nigger because your hair is curly," and that he replied, "Then you do," and asked when he could get a train for Galesburg; that plaintiff in error then asked him if he was

a tramp, and he replied that he was not, but he was a stranger in that part of town; that plaintiff in error said, "I see you belong to the Eagles, too," and he replied, "yes;" that he showed plaintiff in error a book of the Order of Eagles, whereupon plaintiff in error charged him with being delinquent in the order and ordered him to get out of the saloon; that he had some money in the book, two ten dollar bills and one five dollar bill, which plaintiff in error threw upon the bar; that as soon as he recovered his book and money he walked through the swinging doors to the front door, and was leaning against the door waiting for a car when plaintiff in error, who had followed him, struck him on the right side of the face with his fist, in which plaintiff in error appeared to have a pair of knuckles; that the force of the blow broke the jaw of defendant in error. It is uncontroverted, that immediately after defendant in error claims to have been struck by plaintiff in error he went to the Canalport Avenue police station, a distance of three or four blocks from plaintiff in error's saloon, and complained to the officers there on duty that he had been assaulted and his jaw broken; that one of the officers was detailed to accompany defendant in error to the saloon, and upon arriving there defendant in error pointed out plaintiff in error as the person who had struck him; that plaintiff in error then went to the police station, and upon the refusal of defendant in error to make a formal complaint against him no further steps were taken, and the parties went home; that after arriving at 1043 South Leavitt street, where defendant in error resided with his wife and family, his jaw became so painful that he went to the county hospital, arriving there about 1 o'clock A. M., and there remained under treatment for about a month.

On behalf of plaintiff in error, five police officers testified that defendant in error appeared to be intoxicated when he came to the station. Three officers tes-

tified that they examined the jaw of defendant in error. Two testified they found nothing to indicate defendant in error had been struck, or that his jaw was injured or broken, and one testified he found a little cut on the inside of defendant in error's cheek, as if something hard had come in contact with it.

Plaintiff in error, his bartender, and one of several customers, who were in the saloon at the time in question, testified that defendant in error did not pay for the glass of beer which he ordered, and that he attempted to get another drink on the strength of his Eagle book; that plaintiff in error and his bartender told defendant in error they did not sell drinks on books; that defendant in error then became noisy and abusive in his language and conduct and the bartender ordered him out of the saloon and took him through the swinging doors; that plaintiff in error did not follow defendant in error to the front of the saloon and did not strike him.

That the jaw of defendant in error was broken does not admit of doubt, and that he immediately made complaint to the police department, charged plaintiff in error with having struck him, and accompanied a police officer to the saloon of plaintiff in error and there in the presence of seven or eight persons, who were in the saloon when the alleged assault was made, identified plaintiff in error as the assailant, are facts and circumstances tending to corroborate defendant in error's version of the affair. The opinions expressed by the police officers that defendant in error was intoxicated, and therefore to some extent irresponsible when he came to the station, were predicated solely on the fact that he appeared to be excited and talked in a loud tone. The circumstances fairly justified the excited state of mind of defendant in error and his excitement was reason sufficient for his loud speaking. He is shown to have been sober when he went to the hospital, two hours later. Notwithstanding he was

subjected to a most searching cross-examination relative to his whereabouts and doings during the afternoon and evening of the day in question, he was able to give in detail such a strict and apparently accurate account with respect thereto, in particulars wherein, if untruthful, he might have been impeached, that his mind and memory must have been acting normally during the time in question.

We have read the evidence, not alone as abstracted, but in its entirety as it appears in the record, and are unable to say that the finding of the jury, approved by the trial judge, is against the manifest weight of the evidence.

The judgment is affirmed.

*Judgment affirmed.*